[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR ORDER #151OBJECTION TO MOTION FOR ORDER #154OBJECTION TO MOTION FOR ORDER #156MOTION FOR SUMMARY JUDGMENT #145
CT Page 13015
The plaintiff requests this court to direct the clerk of the court to revise an order which the clerk signed on June 3, 1992, when granting the plaintiff an extension of the statute of limitations pursuant to General Statutes § 52-190a(b). The plaintiff claims the order is either ambiguous or erroneous and wants the order changed in order to counter an argument by the defendants that this lawsuit is barred by the statute of limitations. This court concludes the relief requested by the plaintiff is not necessary to protect the plaintiff's interests. Accordingly, the plaintiff's motion is denied.
The plaintiff filed the present motion for order in response to a motion for summary judgment filed by defendant Bridgeport Hospital claiming this lawsuit is barred by the statute of limitations. See General Statutes § 52-584. Before the plaintiff commenced this medical-malpractice action on behalf of her minor child, she requested the clerk of the court to extend the statute of limitations. The request was made before the lawsuit was barred by the statute of limitations. The hospital contends the plaintiff made a fatal error by obtaining an extension of the statute of limitations for less than the ninety-days allowed by § 52-190a(b).
In her petition for an extension, the plaintiff states her child's injuries were discovered on or about July 24, 1990. Presumably, this is the date the two year statute of limitations commenced running. Section 118 of the Practice Book requires a party to set forth a date in the caption of each pleading. In the caption of her petition, the plaintiff set forth the date of June 2, 1992. The plaintiff annexed to the petition a proposed order, which an assistant clerk signed on June 3, 1992. The order reads as follows: "[t]he foregoing petition having been presented to the clerk of the Court pursuant to Connecticut General Statutes Section 52-190a(b), it is hereby Ordered that the statute of limitations be extended for ninety (90) days from the datehereon" (emphasis added). The phrase "from the date hereon" is the basis for the dispute about the statute of limitations.
The plaintiff served this lawsuit on September 18, 1992. The hospital contends the ninety-day extension period expired on September 18, 1992, which is ninety days after the date appearing in the caption of the plaintiff's petition. The plaintiff wants the phrase "from the date hereon" deleted to remove the basis of CT Page 13016 the hospital's motion for summary judgment. The hospital as well as defendant Sanat Nallainathan object to this procedure on the ground the court rules do not authorize such a change. In support of her request, the plaintiff argues that the clerk could only do one thing, that is, extend the statute of limitations for a period of ninety-days from the time the lawsuit would otherwise have been barred, i.e. from July 24, 1992, to October 22, 1992.
General Statutes § 52-190a(b), which applies to negligence actions against health care providers, provides, in part, as follows: "[u]pon petition to the clerk of the court where the action will be filed, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section." When the clerk granted the petition, the clerk automatically extended the statute of limitations for ninety-days beyond the time the plaintiff's cause of action would otherwise have been barred. The clerk had no discretion under the statute. The statutory language is clear. The procedure set forth is mandatory. The statute provides that "an automatic ninety-day extension of the statute of limitations shall be granted. . . ." The clerk could not extend the statute of limitations for a period less than ninety-days. The plaintiff obtained the appropriate extension. Consequently, the relief she now requests is not necessary to protect her interests.
For the foregoing reasons, the motion for order is denied.
THIM, JUDGE